IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 2:13cv996 |
| v. | ) | 2:10cr75 |
| | ) | **Electronic Filing** |
| **CARLOS SMITH** | ) | |

## **OPINION**

Movant Carlos J. Smith ("Smith" or "petitioner") commenced this action by filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The government opposes the motion and has filed a brief in opposition thereto. Petitioner has had the benefit of a reply brief. For the reasons set forth below, the motion will be denied.

On October 7, 2011, a jury found Smith guilty of on one count of conspiring to lease, rent, use or maintain a place for the purpose of distributing crack cocaine in violation of 21 U.S.C. § 846 and two counts of possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced on May 17, 2012, to 18 months of imprisonment, 4 years of supervised release and ordered a special assessment of $300.00. The United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on June 20, 2013. He filed the instant motion on July 12, 2013.

On April 27, 2010, a grand jury returned a four-count indictment against Smith. Each count charged petitioner with knowingly, intentionally and unlawfully possessing with the intent to distribute and distributing cocaine base, on or about January 12, 2010, January 21, 2010, February 3, 2010, and February 15, 2010, respectively. Each count charged a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On July 16, 2010, Smith's appointed attorney, Stanley Greenfield, filed a motion to withdraw. Petitioner did not oppose the motion and in fact supported it. The motion was granted on August 17, 2010, and Federal Public Defender Michael Novara was appointed as Smith's new trial counsel.

On April 14, 2011, a grand jury returned a superseding indictment charging petitioner with an additional count of conspiring from October 23, 2009, to March 4, 2010, to lease, rent, use and maintain a place for the purpose of manufacturing, distributing and using cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 856(a)(1) and 846. The offenses in the original indictment were recharged as counts two through five. All of these offenses were charged as being committed while petitioner was on release as provided by 18 U.S.C. § 3147. Smith was arraigned and pled not guilty.

Petitioner was convicted at trial of the conspiracy at count one and two counts of possessing with intent to distribute crack cocaine on January 15, 2010 and February 3, 2010. The jury was unable to reach a verdict on the other two distribution counts.

As to the conspiracy, the government's witnesses were able to recall sufficiently the transactions giving rise to the charged offense and placing them within the timeframe of the conspiracy charged in count one. The witnesses also collectively recounted the transactions reflected in counts two through five and were able to provide references in time that were sufficient to support attribution of those amounts of crack to petitioner.

Witness Mable Goosby stated Smith sold crack from her apartment in Ambridge on at least two dates when the police department's confidential informant (CI), Frankie Turner, made the controlled purchases. At trial Goosby testified petitioner show up each time at her apartment with about $100 worth of crack. In exchange for letting him use her apartment she would

receive a "giblet, a crumb, or a morsel." In addition, Goosby was able to identify her voice on one of the recordings reflecting two of the sales underlying counts two through five.

Witness Louis Giallorenzo also testified petitioner had sold crack from his apartment in Ambridge, Pennsylvania. At trial Giallorenzo recalled buying crack at Goosby's house during the timeframe in question. However, when Goosby was arrested on unrelated charges, petitioner switched his selling activities to Giallorenzo's apartment. Giallorenzo further testified that in exchange for allowing Smith to sell drugs out of his apartment, he would give him "a little crumb here and crumb there, a little rock here, a rock there." Witness Tracey Bowser, Giallorenzo's paramour, corroborated that petitioner would come over and give them small amounts of crack for making their apartment available for packaging and distribution.

The CI testified he purchased crack cocaine from petitioner on four specific dates at the apartments of Goosby and Giallorenzo. He also stated he had purchased crack from petitioner over a period of five years and was able to place the recorded transactions in context and verify him as the seller. The CI consented to wearing a recording device, which captured both the audio and video during multiple controlled buys.

The jury found Smith guilty as to Counts 1, 2 and 4. Thereafter but prior to sentencing, Attorney Novara was permitted to withdraw and Attorney R. Damien Schorr was appointed.

Smith appealed on May 29, 2012, arguing this court erred in 1) overruling his objection under Batson v. Kentucky, 479 U.S. 79 (1986), and 2) failing to hold an evidentiary hearing pursuant to United States v. Starks, 515 F.2d 112 (3d Cir. 1975). The Third Circuit affirmed Smith's conviction and sentence on the grounds that this court did not err in finding that 1) the Government's strike of Juror Number 87 was not purposefully discriminatory and 2) petitioner had waived his right to a Starks hearing.

Smith now seeks relief pursuant to § 2255, setting forth numerous grounds for relief. He advances the following purported grounds for relief: 1) counsel's effectiveness for not researching facts presented by the him which were critical to the trial and not having the audio and video recordings suppressed by proceeding with the Starks hearing, 2) the existence of a warrant and ultimately the lack of probable cause for the warrant, and 3) his lack of consent to the recordings taken of the controlled buys. He requests an evidentiary hearing.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous. See Rule No. 4 of the Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that claim for relief is without merit, it may be decided summarily without a hearing). In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id. Other courts have reached the same conclusion. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are

4

without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

A two-part test is utilized to assess an ineffective counsel claim. See Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, which existed at the time. Id. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense. Id. It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial. Flamer, 68 F.3d at 728. This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different. In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466

5

U.S. at 694). The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

Petitioner's first ground is that counsel failed to research facts presented by petitioner and suppress the recordings at trial by proceeding with the Starks hearing, which he claims ultimately proved to be destructive. Smith asserts that by not holding a Starks hearing, "his trial counsel allowed a recording with no sound quality and alleged hearsay transcripts to enter into evidence that swayed the outcome of the trial." (Pet. Brief at 3).

This ground fails for several reasons. First, it is well settled that a motion pursuant to § 2255 may not be used to relitigate matters already decided on direct appeal. Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981). The issue of whether this court failed to hold a Starks hearing was raised and litigated at both the trial court level and on direct appeal. The Court of Appeals for the Third Circuit found this court had granted a Starks hearing but since Smith declined to object to the introduction of the recordings at trial, he effectively had waived his right to the hearing. This issue cannot now form the basis for the relief requested.

Also in this § 2255 petitioner, Smith is requesting the court to hold the Starks hearing; however, as stated above, this issue was resolved on direct appeal and therefore cannot be relitigated. Consequently, Smith's request for an evidentiary hearing is without merit.

6

Second, Smith has failed to demonstrate that any error occurred by his counsel, much less one that was prejudicial. Petitioner insisted on a trial despite the significant cadre of inculpatory evidence noted above If Smith's counsel had chosen to pursue a Stark's hearing and had been successful in having the video evidence suppressed, he would not have been able to highlight to the jury the point in time in the video recording where an individual can be seen to be walking past the confidential informant before he entered petitioner's apartment. Counsel's strategy was to argue forcefully to the jury that the drugs found on the confidential informant after the controlled purchase actually had come from this unknown individual on the tape and not the petitioner. The "blip" on the tape occurred very near this intersection of the two individuals, and counsel was able to raise the inference that the transaction could have occurred at that juncture and the tape altered or taken in such a way as to obscure the transaction.

To constitute ineffective assistance of counsel an attorney's insufficient performance must rise to the level of a Sixth Amendment violation. See Murray, 477 U.S. at 486 (1986); Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002). Failing to suppress the evidence for a strategic reason is hardly an error that falls below the objective level of reasonableness guaranteed by the Sixth Amendment.

Attorney Novara's advice to petitioner to forgo the Starks hearing and pursue an argument to the jury was more than the minimum level of assistance guaranteed by the Sixth Amendment. To the contrary, it was insightful and well taken given the straightforward evidence of petitioner's guilt and the lack of other persuasive avenues for countering the government's evidence. In other words, this "plan B" defense to suggest that this other person physically verified as being at the scene could well have supplied the crack to Frankie Turner was a sound and well-reasoned strategy under all the attendant circumstances. Because there

was more than a reasonable basis for counsel's strategic decision in not seeking suppression of the recordings, the identified course of conduct cannot constitute ineffectiveness. See Weatherwax, 77 F.3d at 1432; accord Flamer, 68 F.3d at 728 (Whether counsel's performance involves the election of seeking one defense strategy over another the court must assume "counsel's conduct falls within the wide range of reasonable professional assistance" until petitioner advances concrete evidence to the contrary).

Moreover, Smith fails to set forth a persuasive argument as to why the jury verdict would have been different had the recordings been suppressed. The Government admitted evidence of multiple controlled buys conducted through Frankie Turner who had purchased crack from petitioner for several years. It brought forth witnesses that testified they had allowed Smith to use their apartments to package and distribute crack in return for some small amount of the drug. And these individuals were able to supply sufficient detail to connect those transaction and sales to the counts of conviction. The recording had no bearing on their testimony as to the conspiracy and defendant's regular course of drug distribution in the described manner. Suppressing the tape would not have undermined in any way Mable Goosby's and Frankie Turner's testimony establishing defendant's commission of the crimes of conviction. In light of this body of independent evidence of guilt, it is clear Smith cannot sustain his burden under either prong of the Strickland analysis.

Smith's second ground is that a warrant was not obtained to create the recordings and there was not probable cause for the warrant that was issued. His third ground is that his rights were violated because he did not consent to the recordings reflecting the controlled buys.

The issue of whether the warrant to search Smith's home was supported by probable cause and whether his rights were violated because he did not consent to the recordings are

8

matters that are not proper.  Both of these claims involve issues of law that were not previously raised or argued on direct appeal.  Smith faces several hurdles in advancing these grounds for relief.

Where review of a conviction or sentence is sought based only on an error of law, "the scope of collateral attack has remained far more limited."  Stone v. Powell, 428 U.S. 465, 477 & n.10 (1976); see also Reed v. Farley, 512 U.S. 339, 354 (citing Davis v. United States, 417 U.S. 333, 346 (1974) and Hill v. United States, 368 U.S. 424, 428 (1962)).  In such circumstances 'habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'"  Reed, 512 U.S. at 348 (quoting Hill, 368 U.S. at 428); United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996) ("non-constitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process").

Smith made no objection on direct appeal to the alleged errors regarding the existence and execution of the warrant or the violation of his rights caused by the purported need for his consent to create the recordings.  In failing to do so, these grounds for collateral relief are procedurally defaulted.  See Murray v. Carrier, 477 U.S. 478, 491 (1986) (an individual who fails to raise a claim on direct appeal procedurally defaults the review of all federal claims).  Thus, in order to proceed under these circumstances, Smith must demonstrate both "cause" and "actual prejudice" or that he is "actually innocent."  Bousley, 523 U.S. at 422 (citations omitted).

A showing of "cause" in this context requires a petitioner to identify some objective external factor, which impeded his or her ability to raise the alleged error on direct appeal.

9

Coleman, 501 U.S. at 753; Murray v. Carrier, 477 U.S. 478, 488 (1986) ("cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim")). "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488). The "prejudice prong" requires a petitioner to show "actual prejudice resulting from the alleged . . . violation." Wainwright v. Sykes, 433 U.S. 72, 84 (1977); Reed, 512 U.S. at 354. A petitioner's failure to establish the "cause" prong of the inquiry precludes relief for any asserted prejudice absent a showing that the error "has probably resulted in the conviction of one who is actually innocent." Bousley, 523 U.S. at 623 (quoting Murray, 477 U.S. at 496)).

Here, Smith has failed to demonstrate that his ability to raise these issues was impeded by "some objective factor external to the defense." Coleman, 501 U.S. at 753. Smith argues his appellate counsel ignored certain facts that he brought to counsel's attention, which he felt were critical to his case, and therefore failed to raise certain issues on direct appeal.

Smith's proffered justification for failing to raise these claims on direct appeal - his counsel failed to argue these issues - lacks merit. Smith has failed to identify any external impediment that prevented his appellate counsel from raising these claims. "The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Smith v. Murray, 477 U.S. 527, 535 (1986). Because there is no evidence external to his defense that prohibited Smith from raising the foregoing issues, he has failed to demonstrate cause for his procedural default.

In the absence of cause, this court need not address the issue of prejudice. See Murray,

477 U.S. at 533. Nevertheless, it is clear that Smith has not and cannot demonstrated prejudice because he has not shown "that [these identified] errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 152.

It follows that petitioner's first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 fails to raise any basis warranting further proceeding in support of the relief he seeks and must be denied as a matter of law. An appropriate order follows.

Date: September 30, 2016

                                                                                      s/David Stewart Cercone
                                                                                      David Stewart Cercone
                                                                                      United States District Judge

cc:     Ross E. Lenhardt, AUSA

       United States Marshal's Office
       United States Probation Office

       (*Via CM/ECF Electronic Mail*)

       Carlos J. Smith
       1304 Wade St.
       Aliquippa, PA 15001

       *(Via United States Postal Service)*